ROBERT S. BREWER, JR.
United States Attorney
MICHELLE M. PETTIT
California Bar No. 253406
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel.: (619) 546-7972
Email: michelle.pettit@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. 21MJ0033 |
|---|---|
| Plaintiff, | ) GOVERNMENT'S MOTION TO EXTEND TIME TO INDICT AND CONTINUE PRELIMINARY HEARING |
| v. | |
| Michael James STEVENS, | |
| Defendant. | |

**BACKGROUND**

The United States initiated this case via complaint. Under 18 U.S.C. § 3161(b), the government normally has 30 days from the date of a defendant's arrest to file an indictment. In addition, under Federal Rule of Criminal Procedure 5.1, a magistrate judge must normally hold a preliminary hearing within 14 days of an in-custody defendant's initial appearance.

On December 7, 2020, the Chief Judge of the Southern District of California entered an Order suspending jury trials and other proceedings scheduled to begin before January 11, 2021. Order of the Chief Judge (OCJ) No. 52. On December 9, 2020, the Chief Judge

1

issued OCJ No. 52A. In light of the public health restrictions outlined in OCJ No. 52A, and to protect public safety and prevent the spread of the COVID-19 outbreak, the Court "determined to reinstate this Court's previously-imposed moratorium on conducting in-person court proceedings." As part of OCJ No. 52A, the Court suspended "all proceedings under Federal Rule of Criminal Procedure 5.1" as well as "all grand jury proceedings" until January 8, 2021. On January 4, 2021, the Court issued OCJ No. 52B, which extended the provisions of OCJ 52A until Friday, January 22, 2021.

## DISCUSSION

The Speedy Trial Act, 18 U.S.C. § 3161(b), requires that an indictment issue within 30 days from a defendant's arrest. The Act automatically provides for an additional 30-days to seek an indictment "when no grand jury has been in session." 18 U.S.C. § 3161(b). The Act also provides that certain periods of delay "shall be excluded from computing the time within which an information or indictment must be filed," including any period for which a judge finds, "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Likewise, Federal Rule of Criminal Procedure 5.1 requires the court to hold a preliminary hearing "no later than 14 days after the initial appearance if the defendant is in custody," but the rule allows for an extension of that time period "on a showing that extraordinary circumstances exist and justice requires the delay." Fed. R. Crim. P. 5.1(d).

Consistent with these rules, the United States moves the Court to extend the time for presentment to the grand jury and extend the time for conducting a preliminary hearing until February 2, 2021, seven business days after the court's suspension is scheduled to be lifted. The United States further requests that the period of time between today's date and February 2, 2021 be excluded from the speedy trial clock, pursuant to 18 U.S.C. § 3161(h)(7)(A).

Although the Speedy Trial Act does not specifically address the situation, this Court has the discretion to exclude time in a given case based on pandemics, natural disasters, or other emergencies. See *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (affirming two-week ends of justice continuance following eruption of Mt. St. Helens).

As described in OCJ No. 18, the President of the United States has declared a public health emergency in response to the spread of the COVID-19 virus, and the Governor of the State of California has declared a public health emergency throughout the state. OCJ No. 52A recognized the statewide Regional Stay at Home Order issued on December 3, 2020, "an unprecedented surge in the level of community spread of COVID-19" and the order issued by the County of San Diego on December 6, 2020, implementing the state order. Under both the state and county orders, "indoor operations in which people congregate are generally restricted to 20% of the usual capacity of the facilities in which the operations occur." OCJ No. 52B further recognizes that the Governor of the State of California recently indefinitely extended the stay-at-home order governing San Diego County. Just as the Court continued all jury

and bench trials until January 22, 2021 in OCJ Nos. 52A and 52B, no contested preliminary hearings involving the testimony of live witnesses by the parties should take place.

Additionally, when grand jury sessions resume, the government will need time to summon a witness to present the case, prepare the required forms, and set aside sufficient time before the grand jury within its usual scheduled meeting times to present each case affected by the suspension of grand jury proceedings.

Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iii), it is unreasonable to expect return and filing of the indictment when the grand jury is not in session, or immediately upon its return, and the failure to grant an extension is likely to make continuation of the proceedings impossible and result in a miscarriage of justice.

In addition, because the Court has suspended "all proceedings under Federal Rule of Criminal Procedure 5.1," in light of the public health concerns outlined in the order of the Chief Judge, "extraordinary circumstance exist and justice requires" that defendant's preliminary hearing be continued until after the court's suspension on Rule 5.1 proceedings is lifted.

//
//
//
//
//
//
//

Based on the foregoing, this Court should enter a case-specific order, finding excludable delay appropriate in this case under the ends-of-justice exception, under § 3161(h)(7), and extending the time for a preliminary hearing, under Fed R. Crim P. 5.1(d), until February 2, 2021.

Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

*s/ Michelle Pettit*

MICHELLE M. PETTIT
Assistant U.S. Attorney